IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LINDA WILLIAMSON,

        Plaintiff,

v.                                         CIVIL ACTION NO. 2:14-cv-28928

BOSTON SCIENTIFIC CORPORATION,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are (1) Plaintiff's Combined Motion and Memorandum of Law to Vacate Dismissal with Prejudice and Return Case to Active Docket pursuant to FRCP Rules 60(b)(4) and/or 60(b)(6) and/or to Schedule an Evidentiary Hearing to Address the Court's Order of Dismissal (hereinafter the "First Motion"), filed July 28, 2020 [ECF No. 23]; and (2) Plaintiff's Combined Motion and Memorandum of Law to Reconsider, Alter, or Amend the Court's Order Denying Plaintiff's Motion to Vacate Dismissal with Prejudice and Return Case to Active Docket (hereinafter the "Second Motion"), filed July 28, 2020 [ECF No. 24]. Defendant Boston Scientific Corporation ("BSC") has not responded to the motions, and they are ripe.

This case was dismissed by Memorandum Opinion and Judgment Order on July 19, 2018, based on plaintiff's failure to submit a Plaintiff Fact Sheet ("PFS"). Plaintiff did not respond to the original motion to dismiss filed by BSC, even after the court provided plaintiff an additional opportunity to produce the PFS. [ECF Nos. 13, 18]. Over *a year and a half later*, on February 10, 2020, plaintiff filed a motion to vacate the dismissal and return the case to the active docket. Plaintiff asserted that she submitted the PFS to defense counsel via email on March 3, 2015. Counsel complained in that motion that he was unaware of docket activity, including the dismissal of plaintiff's case, because none of the court's orders were sent to him "even though the court possessed plaintiff's counsel's email since 5/5/16 (Doc 8)." [ECF No. 21, p. 2]. In that motion, plaintiff's counsel stated that he "has no idea why the Court Clerk did not email the above noted

motion and orders." *Id.* Plaintiff cited no legal support for the motion, and by order entered July 8, 2020, the undersigned construed plaintiff's motion under Rule 60(a) of the Federal Rules of Civil Procedure, found no clerical mistake, and denied the plaintiff's motion. [ECF No. 22]. The court explained that "[t]he pleadings and orders which plaintiff's counsel complains he did not receive all have Notices of Electronic Filings sent to plaintiff's counsel at his email address, Mark@MarkCoxLaw.com. [ECF No. 22, p. 2; citing ECF Nos. 10, 13, 14, 18, 19]. In addition, the court concluded that any motion under the applicable sections of Rule 60(b) was untimely under Rule 60(c).

Plaintiff then filed the two current pending motions cited above, the First and Second Motions, seeking relief from the court's orders at ECF Numbers 18, 19 and 22. In both motions, plaintiff seeks relief under Rule 60(b)(4) (the judgment is void) and 60(b)(6) (any other reason that justifies relief) and, in the alternative, requests an evidentiary hearing. As the basis for both motions, plaintiff complains that "[t]he bottom line is this: Through no neglect on behalf of Plaintiff or her counsel, and solely due to the CM/ECF system or Court Clerk, Plaintiff's counsel was given **no** notice of any Dismissal proceedings in this case. Such lack of notice led to the Court dismissing Plaintiff's case with prejudice. It should also be noted that the purported reason for such dismissal was the allegation by the Defendant that Plaintiff failed to submit her Plaintiff Fact Sheet in a timely fashion which is not true. In fact, Plaintiff submitted her Plaintiff Fact Sheet a full three years before the Court's deadline." [ECF No. 23, p. 1; ECF No. 24, p. 1]

The court makes the following findings of fact:

(1) On April 14, 2015, plaintiff's counsel filed a Notice of Address and Firm Change and provided the following email address: Mark@MNDlawfirm.com. [ECF No. 7].

(2) On May 5, 2016, plaintiff's counsel filed a Notice of Address and Firm Change and provided the following email address: Mark@MarkCoxLaw.com. [ECF No. 8].

(3) On January 30, 2018, by Pretrial Order ("PTO") Number 175, the court ordered that a PFS was due on March 19, 2018. [ECF No. 9]. CM/ECF provides a Notice of Electronic Filing[1] indicating that the document was sent to plaintiff's counsel at Mark@MarkCoxLaw.com. [Exhibit A].

(4) On April 4, 2018, BSC filed a motion to dismiss with prejudice for plaintiff's failure to file a PFS pursuant to PTO No. 175. [ECF No. 10]. The motion was served electronically using the CM/ECF system. CM/ECF provides a Notice of Electronic Filing indicating that the document was sent to plaintiff's counsel at Mark@MarkCoxLaw.com. [Exhibit B].

(5) On May 9, 2018, the court entered a Memorandum Opinion and Order denying the motion to dismiss without prejudice and directing plaintiff to serve her completed PFS on BSC on or before June 11, 2018. Plaintiff was warned that failure to comply with the order could result in dismissal with prejudice upon motion by BSC. [ECF No. 13]. The court directed the Clerk to send a copy of the Order to counsel of record and any unrepresented party. CM/ECF provides a Notice of Electronic Filing indicating that the document was sent to plaintiff's counsel at Mark@MarkCoxLaw.com. [Exhibit C].

(6) On June 13, 2018, BSC filed a motion to dismiss with prejudice after plaintiff failed to file a PFS. [ECF No. 14]. The motion was served electronically using the CM/ECF system. CM/ECF provides a Notice of Electronic Filing indicating that the document was sent to plaintiff's counsel at Mark@MarkCoxLaw.com. [Exhibit D].

(7) By PTO No. 187, entered June 13, 2018, the court amended PTO No. 175. [ECF No. 15]. The PTO directed the Clerk to send a copy to plaintiff. CM/ECF provides a Notice

---

[1] "Notice of Electronic Filing (NEF) is an e-mail verification generated by the CM/ECF system of the court's receipt of the electronic document, as well as the official notice of the filing to all other parties. The Notice includes the text of the document entry, as well as a link to the filed document(s)." Administrative Procedures for Electronic Case Filing, United States District Court for the Southern District of West Virginia, Rule 1.8.

of Electronic Filing indicating that the document was sent to plaintiff's counsel at Mark@MarkCoxLaw.com. [Exhibit E].

(8)   On July 5, 2018 and July 10, 2018, plaintiff filed a certificate of service indicating the service of expert witness disclosures. [ECF Nos. 16, 17]. This filing notably complied with the deadline in PTO No. 187. Plaintiff served the filings electronically using the court's CM/ECF system. CM/ECF provides a Notice of Electronic Filing indicating that the documents were sent to plaintiff's counsel at Mark@MarkCoxLaw.com. [Exhibits F, G].

(9)   On June 19, 2018, the court entered a Memorandum Opinion and Order and Judgment Order granting BSC's motion to dismiss [ECF No. 14] for plaintiff's failure to file a PFS and dismissed the case with prejudice. [ECF Nos. 18, 19]. The court directed the Clerk to send a copy of the Orders to counsel of record and any unrepresented party. CM/ECF provides a Notice of Electronic Filing indicating that the documents were sent to plaintiff's counsel at Mark@MarkCoxLaw.com. [Exhibits H, I]. In addition, a certified copy of the Judgment Order was transmitted to plaintiff. [ECF No. 20]. CM/ECF provides a Notice of Electronic Filing indicating that the document was sent to plaintiff's counsel at Mark@MarkCoxLaw.com. [Exhibit J].

(10)   On February 10, 2020, *over a year and a half later*, plaintiff filed a motion to vacate the dismissal at ECF No. 19 and return the case to the active docket. [ECF No. 21]. CM/ECF provides a Notice of Electronic Filing indicating that the document was sent to plaintiff's counsel at Mark@MarkCoxLaw.com. [Exhibit K].

(11)   On July 8, 2020, the court denied plaintiff's motion as outlined above. [ECF No. 22]. The court directed the Clerk to send a copy of the Order to counsel of record and any unrepresented party. CM/ECF provides a Notice of Electronic Filing indicating that the document was sent to plaintiff's counsel at Mark@MarkCoxLaw.com. [Exhibit

L]. In addition, confirmation of receipt of the Notice of Electronic Filing is attached as Exhibit M.[2] Exhibit M indicates that plaintiff opted to receive summary Notices of Electronic Filings rather than individual Notices of Electronic filings.

There is a presumption of delivery and receipt of emails sent by the CM/ECF system in the absence of reliable evidence to the contrary. *American Boat Co. v. Unknown Sunken Barge*, 567 F.3d 348, 350 (8th Cir. 2009). It "is Plaintiff's burden to overcome the presumption of receipt, and mere denial of receipt is not sufficient to rebut the presumption." *Id.* at 352; *see also American Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 913–914 (8th Cir. 2005).

Given the above findings of fact, plaintiff's counsel cannot overcome the presumption of delivery and receipt of CM/ECF filings. The above findings of fact reveal very clearly that the court sent plaintiff's counsel the documents which he claims were never received (and others) to the email address he provided. The Notices of Electronic Filing cited above and attached hereto indicate that the court sent the initial order allowing plaintiff additional time to submit a PFS and warning of the consequences [ECF No. 13]; the final order dismissing the case for failure to produce a PFS [ECF Nos. 18, 19]; and the court's order denying plaintiff's first motion to vacate [ECF No. 22]. Though receipts records are not maintained beyond 90 days at a time, the court's inquiry to the IT department (made when the court became aware of counsel's allegations) confirmed that counsel received an email regarding the recent filing on July 8, 2020 to his email address at Mark@MarkCoxLaw.com.

In the six MDLs assigned to me totaling over 100,000 cases, I have never received such a complaint through filings or otherwise. It is not the court's job to ensure every counsel has a working computer and the competence to receive a document electronically. By participating in

---

[2] Plaintiff complains that he did not even receive this recent order. [ECF No. 23, p. 2]. That is incorrect. Although the court's electronic receipt records for summary reports cannot be captured for more than the preceding ninety days from the filing, the court's IT staff confirmed on August 3, 2020, that this Order was received by plaintiff's counsel at his correct email address on July 8, 2020. [Exhibit M].

CM/ECF, counsel is representing to the court that he has the ability to receive ECFs and that he accepts the responsibility to monitor the electronic court docket. Notably, counsel complied with one deadline in PTO No. 187 by serving expert witness disclosures in a timely manner. [ECF Nos. 16, 17]. Even though plaintiff provides an email indicating he sent the PFS to BSC well before the deadline, it was still incumbent upon plaintiff's counsel to stay abreast of developments in the case over a several year period. One look at CM/ECF over this time period would have revealed the pleadings plaintiff's counsel claims he did not receive. Practice in the MDL setting is complex; but this does not negate the responsibility of individual counsel to prosecute their case or cases by staying up to date on the filings therein. The court simply cannot conclude that plaintiff's counsel has met his burden of overcoming the presumption of delivery and receipt. As such, neither Rule 60(b)(4) (the judgment is void) nor 60(b)(6) (any other reason that justifies relief) of the Federal Rules of Civil Procedure provide any modicum of relief to plaintiff given the facts outlined above.

Accordingly, the court orders that plaintiff's Motions at ECF Numbers 23 and 24 are **DENIED**. The case remains closed and stricken from the docket.

The court **DIRECTS** the Clerk to file a copy of this order and to send a copy of the order to counsel of record and plaintiffs at the address noted above.

ENTER: December 15, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE